United States District Court
Southern District of Texas
**ENTERED**
March 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JAMES E. FITZGERALD,<br>    Plaintiff,<br><br>VS.<br><br>KILOLO KIJAKAZI,[1]<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br>    Defendant. | §<br>§<br>§<br>§   CIV. NO. 7:21-cv-00148<br>§<br>§<br>§<br>§<br>§ |

## **REPORT & RECOMMENDATION**

On April 15, 2021, Plaintiff, James Fitzgerald, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 405(g). (Dkt. Nos. 1 at 1, 1-1 at 1.) This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b). Subsequently, on October 22, 2021, Plaintiff filed Plaintiff's Motion for Summary Judgment (Dkt. No. 14) and related supporting memorandum (Dkt. No. 15); on March 4, 2022, Defendant filed Defendant's Unopposed Motion to Reverse and Remand (Dkt. No. 20). This case is now ripe for review.

Plaintiff claims the Commissioner of the Social Security Administration (SSA) ("the Commissioner") improperly decided he is not disabled under the Social Security Administration's definition both under substantive application of the five-step sequential process and, as well, for constitutional issues regarding the appointment and assignment of the administrative law judge (ALJ) who most recently determined Plaintiff was not disabled. (Dkt. No. 15 at 4-5.) Defendant

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul. *See Who is the Current Commissioner of the Social Security Administration?*, Social Security Administration, https://faq.ssa.gov/en-us/Topic/article/KA-02633; *see also* Fed. R. Civ. P. 25(d).

1

does not address said claims but instead seeks to reverse and remand this case to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Dkt. No. 20 at 1.)

Plaintiff is unopposed to said request. *Id.* at 3.

After a careful review of the record and relevant law, the undersigned recommends Defendant's Unopposed Motion to Reverse and Remand (Dkt. No. 20) be **GRANTED**. Accordingly, the undersigned recommends the Commissioner's disability determination be **REVERSED** and the case be **REMANDED** back to the Commissioner. It is further recommended that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** without prejudice and Plaintiff's Motion for Summary Judgment (Dkt. No. 14) be **DENIED** as moot, and the case be closed.

## SUMMARY OF THE PLEADINGS

The following is a brief overview of the over nine-year history of this case. On August 16, 2012, Plaintiff filed an application for Disability Insurance Benefits (DIB), asserting disability beginning September 1, 1998.[2] (Dkt. No. 8-11 at 2-4 (Exhibit No. C1D).) In the most recent hearing, however, Plaintiff amended his onset date to May 1, 2012. (Dkt. Nos. 8-3 at 13 (ALJ Denial Oct. 23, 2020), Dkt. No. 8-4 at 88-89 (SSA Hearing Transcript May 7, 2020).) After initial level denials (Dkt. No. 8-7 at 6-10 (Exhibit No. C3B), 12-15 (Exhibit No. C5B)), a hearing was held on July 22, 2013, where Plaintiff and a vocational expert testified in front of an ALJ. (Dkt. No. 8-3 at 39-64 (Social Security Hearing Transcript July 22, 2013).)

On September 12, 2013, ALJ Vadim Mozyrsky issued a decision that determined Plaintiff was disabled, beginning May 1, 2010, through the date of the ALJ's decision. (Dkt. No. 8-5 at 4-13 (Exhibit No. C3A).) Then, however, the SSA removed earnings from Plaintiff's earnings

---

[2] Plaintiff owned and operated his own construction company for 20 years; however, in 1992, Plaintiff suffered a back injury that led to surgery. (Dkt. No. 8-20 at 2-5 (Exhibit No. C15E).) From said injury and surgery, Plaintiff no longer could run his company and closed the company in 1998. *Id.* at 3. Since then, Plaintiff and his wife have owned and operated a flea market in Donna, Texas. *Id.* at 4.

record for the years 2000, 2001, 2004, 2005, 2009, 2010, and 2011. (Dkt. No. 8-11 at 46-47 (Exhibit No. C11D).) Plaintiff's representative asked the ALJ to reopen his decision and reinstate the earnings through those years. (Dkt. No. 8-15 at 52-70 (Exhibit No. C12E).) On August 29, 2014, ALJ Mozyrsky reopened the decision and found that Plaintiff's statements regarding said earnings were inconsistent and that the removal of the earnings by the SSA was correct. (Dkt. No. 8-5 at 14-27 (Exhibit No. C4A).) Subsequently, the ALJ dismissed the request for hearing because Plaintiff did not have insured status on the amended date of the injury's onset. *Id.* at 21-22 (Exhibit No. C4A). Plaintiff requested the Appeals Council review that decision. (Dkt. No. 8-7 at 95-96 (Exhibit No. C22B).)

On February 26, 2016, the Appeals Council granted review and remanded the case to the ALJ for a hearing and decision. (Dkt. No. 8-5 at 28-33 (Exhibit No. C5A).) The Appeals Council found the ALJ's dismissal was in error, and required the ALJ to make findings about the veracity of Mr. Fitzgerald's disputed earnings. *Id.* at 31-32.

On remand, the case was assigned to ALJ Kathryn Bridges. (Dkt. No. 66-92 (Exhibit No. C30B).) ALJ Bridges held hearings on December 12, 2016, and January 9, 2018. (Dkt. Nos. 8-3 at 65-78 (SSA Hearing Transcript Dec. 12, 2016); 8-4 at 2-54 (SSA Hearing Transcript Jan. 9, 2018).) Then, ALJ Bridges issued an unfavorable decision on July 2, 2018, finding Plaintiff was not disabled through December 31, 2004, his date last insured at that time. (Dkt. No. 8-5 at 72-85 (Exhibit No. C13A).) In response, Plaintiff filed a request for review of that decision with the Appeals Council. (Dkt. No. 8-9 at 17-19 (Exhibit No. C39B).)

The Appeals Council vacated ALJ Bridges's decision. (Dkt. No. 8-6 at 4 (Exhibit No. C14A).) The Appeals Council found the ALJ did not consider additional earnings posted to Plaintiff's earnings record for the years 2012, 2014, and 2018, which would make him insured for

3

title II benefits from January 1, 2018 through June 30, 2019. (Dkt. No. 8-6 at 4 (Exhibit No. C14A).) On November 5, 2019, the Appeals Council remanded the case and directed an ALJ to: (1) obtain updated earnings records, (2) make findings about the date the claimant was last insured, and (3) issue a new decision through the date last insured or the date of the decision, whichever is earlier. (Dkt. No. 8-6 at 4-5 (Exhibit No. C14A).)

On July 16, 2018, ALJ Bridges became a "lawful ALJ." *See* Social Security Ruling (SSR) 19-1p, 2019 WL 1324866, at *2 (March 15, 2019) ("To address any Appointments Clause questions involving Social Security claims, and consistent with guidance from the Department of Justice, on July 16, 2018 the Acting Commissioner of Social Security ratified the appointments of our ALJs and approved those appointments as her own."). According to Plaintiff, the SSA agrees that ALJ Bridges was not lawfully an ALJ empowered to hear disability cases for the SSA until July 16, 2018. *See* Dkt. No. 15 at 3 n.1.[3]

After the Appeals Council remanded the case, on November 18, 2019, Plaintiff's representative informed the Houston (Bissonnet) Hearing Office that ALJ Bridges did not have legal authority to preside over the case, and that since the case had been remanded, "it must be reassigned to a different ALJ for a de novo hearing." (Dkt. No. 8-9 at 55 (Exhibit No. C41B).) Despite this letter, the hearing office assigned the case to ALJ Bridges. (Dkt. No. 8-10 at 2-30

---

[3] In *Lucia v. SEC*, 138 S.Ct. 2044, 2050 (2018), the Supreme Court held that administrative law judges with the Securities and Exchange Commission had not been constitutionally appointed since only the President, "Courts of Law," or "Heads of Departments" may appoint "Officers of the United States" pursuant to Art. II, § 2, cl. 2 of the Constitution. *Carr v. Saul*, 141 S.Ct. 1352, 1357 (2021) (citing *Lucia*). In reaching this decision, the High Court "determined that SEC ALJs were 'Officers' rather than mere employees . . . [c]onsequently, the appointment of SEC ALJs by SEC staff violated the Constitution." *Id.* (citing *Lucia*, 138 S.Ct. at 2047, 2052-2053, 2055). Similarly, "SSA ALJs had been selected by lower level staff rather than appointed by the head of the agency"; therefore, "[o]n July 16, 2018, a few weeks after *Lucia* was decided, the SSA's Acting Commissioner pre-emptively" ratified all SSA ALJs appointments and approved said appointments as the Commissioner's own. *Id.* (citation omitted). In other words, prior to the holding in *Lucia*, staff handled the appointment of ALJs, however, after *Lucia*, said appointments need to be handled by the Commissioner to comply with the Constitution's appointment clause to ensure ALJs are "lawfully" appointed.

4

(Exhibit No. C43B).) ALJ Bridges convened a hearing on May 7, 2020, taking testimony from Plaintiff and a vocational expert. (Dkt. No. 8-4 at 80-118 (SSA Hearing Transcript May 7, 2020).) On October 23, 2020, ALJ Bridges issued an unfavorable decision. In summary, ALJ Bridges found that Plaintiff's injuries did not meet or were not medically equivalent in severity to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; Plaintiff had the residential functional capacity to perform "light work" (*see* 20 C.F.R. § 404.1567(b)) with the exception that Plaintiff can tolerate no more than occasional exposure to respiratory irritants; Plaintiff was capable of performing past relevant work; and Plaintiff was not disabled from May 1, 2012, the alleged onset date, through June 30, 2019, the date of last insured. (Dkt. No. 8-3 at 9-38 (SSA Notice of Denial).) Subsequently, Plaintiff requested review of the decision and said request was denied by the Appeals Council without substantive explanation. *Id.* at 2-6 (Notice of Appeals Council Action). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on February 18, 2021. *Id.* at 2; *see* 20 C.F.R. § 404.984(a).

Plaintiff filed this action on April 15, 2021, pursuant to 42 U.S.C. § 405(g). (Dkt. No. 1.) On September 21, 2021, Defendant filed an answer to Plaintiff's Complaint. (Dkt. No. 7.) On October 22, 2021, Plaintiff filed Plaintiff's Motion for Summary Judgment ("Plaintiff's MSJ") (Dkt. No. 14) and Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment (Dkt. No. 15) arguing the following:

> (1) Remand is required because SSA intentionally violated Mr. Fitzgerald's constitutional rights by not assigning this case to an ALJ other than ALJ Bridges and then, on remand, the ALJ violated Mr. Fitzgerald's constitutional rights by ignoring Mr. Fitzgerald's explicit objection and instead hearing and deciding the case, in contravention of controlling Supreme Court precedent;

(2) Remand is required because the ALJ failed to include mental limitations she found credible in her residual functional capacity (RFC) finding and hypothetical question to the vocational expert or explain why she was failing to do so; and

(3) Remand is required because the appointment of Andrew Saul as a single commissioner of SSA who is removable only for cause and serves a longer term than the president violates separation of powers, rendering the decision in this case by an ALJ and Appeals Council judges who derived their authority from Mr. Saul constitutionally defective.

*See* Dkt. No. 15 at 4-5.

On March 4, 2022, Defendant filed Defendant's Unopposed Motion to Reverse and Remand. (Dkt. No. 20.) Defendant requested the Court reverse and remand this case to allow the Commissioner to conduct further proceedings. (Dkt. No. 20 at 1.)

## APPLICABLE LAW & ANALYSIS

### *42 U.S.C. § 405(g)*

Defendant has requested the Court order a judgment reversing and remanding the ALJ's decision for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. No. 20 at 2-3.) Defendant's request is for "further administrative proceedings." *Id.* at 2. Plaintiff is unopposed to the Motion to Reverse and Remand. *Id.* at 3.

There are two types of possible remands, referred to as sentence six and sentence four remands. *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). A sentence six remand occurs: "(1) on [a] motion of the Agency for good cause before the Agency's answer has been filed, or (2) for consideration of additional evidence upon a showing that the evidence is new and material, and that good cause exists for the claimant's failure to present the evidence earlier." *McKenzie v. Astrue*, 442 F. App'x. 161, 162 (5th Cir. 2011) (citing *Melkonyan v. Sullivan,* 501 U.S. 89, 100 n. 2 (1991)). A sentence four remand authorizes a district court to enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause

6

for a rehearing." *Melkonyan*, 501 U.S. at 98 (citing 42 U.S.C. § 405(g)). Further, the sentence four remand states that the remand order may be entered upon the pleadings and transcript of the record. 42 U.S.C. § 405(g).

The Supreme Court has noted that a remand for further administrative proceedings, such as the requested remand in the instant case, is a sentence four remand. *Schaefer*, 509 U.S. at 298; S*ullivan v. Finkelstein*, 496 U.S. 617, 626 (1990) (stating remand because of insufficient evidence in the record to support the Secretary's conclusion and when further factfinding is necessary is a sentence four remand).

Unlike a sentence six remand, a sentence four remand requires an entry of a judgment at the time of the actual remand. *See Schaefer*, 509 U.S. at 297-98; *Luna v. U.S. Dep't of Health & Human Servs.*, 948 F.2d 169, 172 (5th Cir. 1991). In a sentence six remand, the Commissioner is required to return to the district court after the postremand proceedings are completed for review and final judgment. *Schaefer*, 509 U.S. at 297 ("Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been complete and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." (citing *Melkonyan*, 501 U.S. at 101-02)).

Defendant's request for reversal and remand is based upon request for "further administrative proceedings", or, in other words, the need for further factfinding. Pursuant to 42 U.S.C. § 405(g), remand and final judgment is proper.

Accordingly, sentence four remand is appropriate.

## **CONCLUSION**

### *Recommended Disposition*

7

After a careful review of the record and relevant law, the undersigned recommends Defendant's Unopposed Motion to Reverse and Remand (Dkt. No. 20) be **GRANTED**. Accordingly, the undersigned recommends the Commissioner's disability determination be **REVERSED** and the case be **REMANDED** back to the Commissioner. It is further recommended that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** without prejudice and Plaintiff's Motion for Summary Judgment (Dkt. No. 14) be **DENIED** as moot, and the case be closed.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Counsel for Plaintiff and Defendant.

**DONE** at McAllen, Texas, this 29th of March, 2022.

Juan F. Alanis
United States Magistrate Judge