United States District Court
Southern District of Texas

**ENTERED**
July 28, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| JAMES E. FITZGERALD,<br>    Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | CIV. NO. 7:21-cv-00148 |
| KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br>    Defendant. | §<br>§<br>§<br>§<br>§ | |

## REPORT & RECOMMENDATION

Upon consideration of Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Dkt. No. 24) and Statement of Attorney Time Expended (Dkt No. 24-1), the undersigned recommends that Plaintiff is entitled to recover attorney's fees and costs. Defendant does not oppose the motion. (Dkt. No. 26.) As will be set out in this Report and Recommendation, the Court finds that $8,160 represents a reasonable fee award that is commensurate with fee awards in similar cases. Likewise, Plaintiff's costs are reasonable. Accordingly, the undersigned hereby recommends that Plaintiff's motion (Dkt. No. 24) be **GRANTED** and Plaintiff is entitled to an award from Defendant of attorney's fees in the amount of $8,160, payable to Plaintiff in care of his attorney, and $402 in reimbursable costs from the Judgment Fund.

## I.  BACKGROUND

On April 15, 2021, Plaintiff, James Fitzgerald, filed a Complaint pursuant to 42 U.S.C. § 405(g). (Dkt. Nos. 1 at 1, 1-1 at 1.) This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b). Subsequently, on October 22, 2021, Plaintiff filed Plaintiff's Motion for Summary Judgment (Dkt. No. 14) and related

supporting memorandum (Dkt. No. 15); on March 4, 2022, Defendant filed Defendant's

Unopposed Motion to Reverse and Remand (Dkt. No. 20).  On March 29, 2022, the undersigned

filed a report and recommendation recommending the Commissioner's disability determination be

reversed and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) back to the

Commissioner. (Dkt. No. 21.)  On April 5, 2022, the Court adopted the report and recommendation

and set out a judgment therein.  (Dkt. Nos. 22, 23.)

Now, Plaintiff seeks, under the Equal Access to Justice Act ("EAJA"), to recover attorney's

fees in the amount of $8,160 for 40.0 hours billed and $402 in costs.  (Dkt. No. 24 at 2-3.)

Defendant does not oppose Plaintiff's request for fees yet clarifies that costs for filing fees are not

paid as EAJA fees.  (Dkt. No. 26 at 1.)

Plaintiff's counsel ("Counsel") expended 46.2 hours of attorney work, yet billed for 40.0

hours, which Counsel claims is reasonable under the circumstances and demonstrates an "exercise

of considerable billing discretion."  (Dkt. No. 24 at 2, ¶¶ 5-6.)  Time spent on the matter included

reviewing the transcript, drafting the opening brief, conferring with the SSA, and other research

matters.  (Dkt. No. 24-1 at 2-4.)  The hourly rate requested is $204 per hour.  *Id.* at 4.

Plaintiff's motion for fees and costs is now ripe for review.

## II. APPLICABLE LAW

Under the EAJA, a litigant is entitled to attorney's fees and costs if: "(1) the claimant is a

'prevailing party,' (2) the position of the United States was not 'substantially justified,' and (3)

there are no special circumstances that make an award unjust." *Grady v. Comm'r of Soc. Sec.

Admin.*, No. 3:19-CV-3001-B-BK, 2021 WL 3852187, at *1 (N.D. Tex. June 22, 2021), *report

and recommendation adopted*, No. 3:19-CV-03001-B-BK, 2021 WL 3849722 (N.D. Tex. Aug.

27, 2021) (citing *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001); 28 U.S.C. § 2412(d)(1)(A)).

Further, the attorney's fees awarded must be reasonable. *See* 28 U.S.C. § 2412(b). Any awarded fees must be made payable to Plaintiff, not Counsel, though the award may be placed in the care of Counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010); *Jackson v. Astrue*, 705 F.3d 527, 351 (5th Cir. 2013).

A request for fees by the prevailing party needs to be made "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). "In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *see also* 28 U.S.C. § 2412(d)(2)(G). Therefore, once 60 days had passed since the district court's April 5, 2022, judgment and neither party had appealed, Plaintiff then had 30 days, until July 6, 2022, to file a motion for attorney's fees. *See Arteaga v. Saul*, No. 4:18-CV-3475, 2020 WL 7010036, at *2 (S.D. Tex. May 14, 2020); Fed. R. App. P. 4(a)(1)(B); 28 U.S.C. § 2412(d)(2)(G). Plaintiff filed the motion on July 1, 2022, which is within the timely filing period. (Dkt. No. 24.)

## III. DISCUSSION

### a. Attorney's Fees

Plaintiff is entitled to EAJA fees. First, Plaintiff is the prevailing party. "When the district court remands a social security action under sentence four of § 405(g), the claimant is a prevailing party." *Arteaga*, 2020 WL 7010036, at *1 (citing *Shalala v. Schaefer*, 509 U.S. 292, 299-301 (1993)) (additional citation omitted). Plaintiff attained a remand under sentence four of 42 U.S.C. § 405(g), therefore, he is a prevailing party.

Second, Defendant does not contend that its position was substantially justified. "It is the government's burden to show that its position was substantially justified." *Meier v. Colvin*, 727

F.3d 867, 870 (9th Cir. 2013); *Arteaga*, 2020 WL 7010036, at \*2. Where, as here, the Commissioner filed a motion to voluntarily reverse and remand this case for further administrative proceedings and the matter was referred to an administrative law judge to make a new determination as to the plaintiff's disability, Commissioner does not show substantial justification for his position. *Lynnmarie E. v. Kijakazi*, No. 21-CV-00244-JLB, 2022 WL 2441304, at \*2 (S.D. Cal. July 5, 2022) (finding Commissioner made no argument that her position was substantially justified where a joint motion to voluntarily remand the case and a joint motion for the fee request were filed and citing *Ulugalu v. Berryhill*, No. 17-CV-01087-GPC-JLB, 2018 WL 2012330, at \*3 (S.D. Cal. Apr. 30, 2018) (finding that since the Commissioner filed a voluntary stipulation for remand, the Commissioner did not have substantial justification for the Commissioner's original position as to disability determination)).

Last, there are no special circumstances that make an award unjust, and the requested fees are reasonable. Counsel sets forth that he spent 46.2 hours in representing Plaintiff. (Dkt. No. 24 at 2.) However, "in an exercise of considerable billing discretion," Counsel seeks 40.0 hours of EAJA compensation at an hourly rate of $204, for a discount total of $8,160. *Id.* at 1-2. Counsel states that he adjusted his hourly rate from the statutory amount of $125.00 per hour based upon the Consumer Price Index. *Id.* at 1, ¶ 4. In support of his billing request at $204 per hour, Counsel states that by using the Bureau of Labor and Statistics' inflation calculator, "the $125.00 figure of March 1996 would actually result in a far higher figure in today's dollars." *Id.* at 1-2, ¶ 4. According to Counsel, and unopposed by Defendant, the requested attorney fees, including the hourly rates, are reasonable. *Id.* at 2, ¶ 6; Dkt. No. 26 at 1.

The undersigned finds the number of hours spent on this litigation reasonable. Hours may be reasonable considering a plaintiff's results in a case. *Lynnmarie E.*, 2022 WL 2441304, at \*2.

And "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Further, "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012); *see Hardy v. Callahan*, No. 9:96-CV-257, 1997 WL 470355, at *9 (W.D. Tex. Aug. 11, 1997) (noting that "[t]he typical EAJA application in social security cases claims between thirty and forty hours"); *Cockshutt v. Saul*, No. 3:19-CV-896-BH, 2021 WL 1338149, at *3 (N.D. Tex. Apr. 8, 2021) (where Commissioner argued the typical EAJA application for attorney's fees in social security cases involves between 30 and 40 hours of attorney work). Here, Counsel attached a detailed itemization of the work he performed, in accordance with 28 U.S.C. § 2412(d)(1)(B). *See* Dkt. No. 24-1. Counsel also obtained a desirable result for Plaintiff. And the noted hours of work are commensurate with the number of hours worked in similar cases. *See Wittneben v. Saul*, No. 3:18-CV-00174, 2019 WL 2997014, at *1 (S.D. Tex. June 25, 2019), *report and recommendation adopted*, No. 3:18-CV-00174, 2019 WL 3766587 (S.D. Tex. Aug. 9, 2019) (finding a total of 40.8 hours of work with a fee amount of $8,137.60 reasonable). Considering these factors, the undersigned finds Counsel's 40.0 hours spent on litigation reasonable.

In addition, the undersigned finds the hourly rate reasonable. Counsel charged $204 per hour for work completed by an attorney with over a decade of Social Security-specific experience. (Dkt. No. 24-1 at 1-2.) Pursuant to the EAJA, "[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Fifth Circuit interpreted the cost-of-living language to mean that absent unusual circumstances, "if there is a significant difference in the cost of living

since 1981 [(the year the EAJA was enacted)] in a particular locale that would justify an increase

in the fee, then an increase should be granted." *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir.

1988).

As Counsel indicated, the Consumer Price Index (CPI), prepared by the U.S. Bureau of

Labor Statistics (BLS), is a useful tool in calculating reasonable hourly attorney fees adjusted for

cost of living under the EAJA. *Bivens v. Kijakazi*, No. 3:20-CV-1904-K-BH, 2022 WL 1477626,

at *4 (N.D. Tex. Apr. 20, 2022), *report and recommendation adopted*, No. 3:20-CV-1904-K-BH,

2022 WL 1470958 (N.D. Tex. May 10, 2022) (internal citations omitted).  The calculated hourly

rate for attorney's fees, in consideration of a cost-of-living adjustment for the Southern region of

the United States (which includes the McAllen-Edinburg-Mission area) and utilizing the CPI

information, would be $212.61 in 2021[1] and $227.26 in 2022.[2] *See id.* at n.9-12.  The hourly fee

---

[1] The following calculation is modeled from *Bivens v. Kijakazi*, No. 3:20-CV-1904-K-BH, 2022 WL 1477626, at *4 n.10 (N.D. Tex. Apr. 20, 2022), *report and recommendation adopted*, No. 3:20-CV-1904-K-BH, 2022 WL 1470958 (N.D. Tex. May 10, 2022).  First, the difference between the average South region CPI in 1996, the year the EAJA was last amended and set the hourly rate for attorney's fees at $125, and 2021 South region CPI is calculated.  The average South region CPI in 1996 was 153.6, and the average South region CPI in 2021 was 261.259, resulting in a difference of 107.659.  *See* U.S. Bureau of Labor Statistics, *Databases, Tables and Calculators by Subject* (change output options 1996 to 2022; Series Id: CUUR0300SA0,CUUS0300SA0; Series Title: All items in South urban, all urban consumers, not seasonally adjusted) (July 25, 2022, 4:52 PM), https://data.bls.gov/pdq/SurveyOutputServlet.  Next, the difference is divided by 153.6 to determine the percentage increase in the CPI, equaling 70%.  Then, $125 (the hourly rate established in 1996) is multiplied by the percentage increase in the CPI to determine the hourly rate increase, in this case $87.61.  Said amount is added to $125 to determine the adjusted hourly attorney fee rate for the South region of $212.61.

[2] For 2022, the annual average South region CPI was not available at the time of this calculation.  However, based upon the average of the data available from January to June of 2022, the annual average at the time of this calculation was 279.256.  Using the same calculation as outlined *supra* n.1, the adjusted hourly attorney fee rate for the South region in 2022 is $227.26.  *See* U.S. Bureau of Labor Statistics, *supra* n.1. The average South region CPI in 1996 was 153.6, and the average South region CPI in 2022 is, so far, 279.256, resulting in a difference of 125.656.  *See id.*  Next, the difference is divided by 153.6 to determine the percentage increase in the CPI, equaling 81.8%.  Then, $125 (the hourly rate established in 1996) is multiplied by the percentage increase in the CPI to determine the hourly rate increase, in this case $102.26.  Said amount is added to $125 to determine the adjusted hourly attorney fee rate for the South region of $227.26.

rate Counsel requests of $204 for legal work completed in 2021 and 2022 is below both adjusted figures. Therefore, the undersigned concludes Counsel's request is reasonable.

### b. Costs

Plaintiff seeks $402 in reimbursement for costs. (Dkt. No. 24 at 3.) The costs are the amount of the filing fee. (Dkt. No. 24-1 at 4 (citing Dkt. No. 1).) Commissioner clarified that costs for filing fees are not paid as EAJA fees but are charged against Government and are paid from the Judgment Fund administered by the Department of the Treasury under 31 U.S.C. § 1304. Accordingly, Plaintiff cannot receive payment of both fees and costs as one combined payment; however, Plaintiff will be reimbursed for the filing fee from the Judgment Fund. *See Wittneben,* 2019 WL 2997014, at *1 n.3; *see also Campbell v. Berryhill,* No. 3:15-CV-3913-N-BH, 2017 WL 4404459, at *4 (N.D. Tex. Sept. 1, 2017), *report and recommendation adopted,* No. 3:15-CV-3913-N-BH, 2017 WL 4351370 (N.D. Tex. Sept. 29, 2017) (noting that regardless of who is at fault, "the Administrative Law Judge, the Appeals Counsel, or the Commissioner's lawyers in court," ultimately, it is the United States who is at fault and thus "liable for costs and fees"); 31 U.S.C. § 1304(a).

### CONCLUSION

#### *Recommended Disposition*

The attorneys' fees and costs outlined herein are reasonable. Accordingly, the undersigned recommends that Plaintiff's application for fees and costs be **GRANTED**. Therefore, it is recommended that the following sums are awarded as part of the Judgment in this case: (1) Attorney fees in the amount of $8,160, payable to Plaintiff in care of his attorney, and (2) Costs in the amount of $402 from the Judgment Fund.

### *Notice to the Parties*

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error or manifest injustice, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

The Clerk shall provide copies of this order to counsel for Plaintiff and Defendant.

DONE at McAllen, Texas, this 28th day of July, 2022.

Juan F. Alanis
United States Magistrate Judge